## SUPREME COURT.

### CORNING and others agt. TOOKER & LADUE.

In proceedings supplementary to execution, where a referee has certified his examination of the judgment debtor, and others who are alleged to owe him, under §294 of the Code, to the Judge; it is in the discretion of the Judge, where a proper case is presented, either to make an order under the 297th section, directing the property of the judgment debtor, whether in his own or another's hands, and also any debt due to him, to be applied towards the satisfaction of the judgment; or under the next section (298), to appoint a receiver of the property of the debtor; or, if the case require it, to do both. The only restriction upon the exercise of this discretion, is found in § 299, as applicable to certain specified cases.

Corning and others agt. Tooker and Ladue.

Where it appears from the examination that it is doubtful whether the person who is alleged to owe the judgment debtor, or another individual not under examination, is really indebted to him, and as a conclusion of law upon the facts uncertain; a receiver should be appointed, to enable the creditor, or the party entitled to the right, to pursue the claim by action.

The referee may, in his discretion, allow corrections or explanations to be made by any party to such examination, after it has been concluded and signed by him.

The examination is, in its nature and effect, an answer to the complaint; and, as it is taken orally, great liberality should be allowed in correcting errors and mistakes; which should be done by a supplemental statement, leaving the original unaltered.

A person examined under § 294, is, in effect, a party to the proceeding, and his examination should be conducted in the same manner as that of the judgment debtor.

The party examined is not entitled to a *cross examination*, but he may have the advice and instruction of counsel in framing his answers.

A person not a party to the proceedings upon examination, should not be allowed to appear by counsel.

## *At Chambers—August*, 1850.

### PROCEEDINGS SUPPLEMENTARY TO EXECUTION.

The plaintiffs having recovered a judgment against the defendants, upon which an execution had been issued and returned unsatisfied, an order was made, requiring the defendants to appear and answer before John Newland, Esquire, a referee, pursuant to the 292d section of the Code. Another order was made, under the 294th section, requiring Francis S. Low, who was alleged to be indebted to the defendants or one of them, to appear and answer before the same referee. It appears from the examination, certified by the referee, that Low had agreed with one Van Keuren to construct for him a boat and engine, all complete, for a stipulated price. Low then made a contract with Tooker, one of the defendants, to build for him the hull of the boat, and to do the joiner work and the painting, for which he was to receive $800. Tooker then agreed with Van Keuren himself, for whom the boat was to be built, to do the joiner work and painting, for which he was to be allowed $100. Low testifies that the boat has been built according to contract, and delivered. He admits, that including the $100 to be allowed to Van Keuren for the

3

joiner work and painting, there is due to Tooker upon his contract a balance of $156·88. Upon the settlement between Van Keuren and Low, the $100 was retained by the former; but, in the receipt given by the latter, it was provided that the $100 was to be paid to Low, if he had to pay it to Tooker's creditors. Upon these facts, the plaintiffs moved for an order that the sum of $156·88, due from Low to Tooker, be applied towards the satisfaction of their judgment. Several questions were raised in relation to the mode of conducting the examination before the referee, and the rights of the several parties upon such examination, all which are sufficiently stated in the opinion below.

F. S. EDWARDS, *for plaintiffs.*

O. MEADS, *for Van Keuren.*

HARRIS, Justice.—After the examination has been concluded, and, if taken before a referee, certified to the judge, an order may be made, if a proper case is presented, under the 297th section of the Code, directing the property of the judgment debtor, whether in his own or another's hands, and also any debt due to him to be applied towards the satisfaction of the judgment; or, under the next section, a receiver of the property of the debtor may be appointed; or, if the case require it, both may be done. Whether the one or the other, or both shall be done, rests, I think, in the sound discretion of the judge. The only restriction upon the exercise of this discretion, is found in the 299th section, which declares, that in certain specified cases, the property of the debtor, or a debt due to him, shall only be recoverable in an action by the receiver. In every other case, it must depend upon the facts as they appear before the judge, whether the property of the debtor, or a debt due to him, shall be delivered or paid directly to the creditor in satisfaction of his debt, or whether he shall receive the benefit of such property or debt through the intervention of a receiver. Ordinarily the expense of a receivership may be avoided; but there may be cases where it is more proper, if not necessary, that a receiver should be appointed. I think this is such a case. It is true, that, in respect to the $100

Corning and others agt. Tooker and Ladue.

in question, Low does not in terms deny his indebtedness. He simply, and no doubt truly, states the facts as they exist; leaving the question whether or not he owes the $100 to Tooker, as a conclusion of law to be determined from those facts. He says, in substance, that if Van Keuren owes him the $100, he owes it to Tooker; but if such a contract was made between Tooker and Van Keuren, as entitled the latter to retain the $100 out of the price he was to pay for building the boat, then he does not owe the $100. It is a question upon which Van Keuren, as well as the other parties interested, has a right, in some form, to be heard. To make a summary order upon these proceedings, directing the payment of the $100 by Low to the plaintiffs, might work injustice either to Low or Van Keuren. The rights of the parties can only be properly determined by an action. The plaintiffs are therefore entitled to an order, directing Low to pay to them the sum of $56·88 towards the satisfaction of their debt. They are also entitled to an order appointing a receiver, for the purpose of bringing an action against Low or Van Keuren, or both, if they choose farther to pursue the $100 in question.

Several questions were raised in the progress of the examination before the referee, of some practical importance; and upon which, the counsel for the parties have united in desiring that an opinion should be expressed.

Low was examined under the provisions of the 294th section of the Code, and this examination had been concluded and signed by him. On a subsequent day the plaintiffs' counsel being present, he appeared before the referee, and desired to make a certain explanations of the statements contained in his examination. The referee allowed him to make such explanations. In this I think he was right. Whether or not such subsequent explanations should be received, must depend upon the circumstances of the case, and is a matter very much within the discretion of the officer taking the examination. A person examined under the 294th section is, in effect, a party to the proceeding, and his examination should be conducted in the same manner as that of the judgment debtor. The object in each case is to discover the

debtor's property. No question which does not tend to effect that object is relevant or proper. The party may refuse to answer any such irrelevant or improper question, at the peril of being adjudged in contempt, if the question should prove to have been relevant or proper. The examination is, in its nature and effect, an answer to a complaint; and, as it is taken orally, great liberality should be allowed in correcting errors and mistakes. The original statement should be left unaltered, but the party should be permitted to make the desired correction by a supplemental statement.

The party examined is not entitled to a cross examination, but he may have the advice and instruction of counsel in framing his answers. I think, therefore, the referee erred in allowing the parties to be cross-examined. The examination itself is, in fact, a cross-examination. Hence it is that leading questions are allowable. When the examination is concluded, all that the party examined has a right to do, is to add such explanatory statements as he, or his counsel, may deem necessary to prevent any misapprehension of what he has already said.

If, as Low states, Van Keuren was liable to pay the $100 to him, if he should be compelled to pay it to the plaintiffs upon this proceeding, it was his duty to allow the counsel employed by Van Keuren to appear for him upon his examination; but Low having declined to recognize Mr. Meads as his counsel, I think he had no right to appear upon the examination as Van Keuren's counsel. Van Keuren must be regarded as a stranger to the proceedings; and his counsel, therefore, should not have been allowed to take part in the examination. If Low had unjustly refused to permit him to defend the claim made upon him in these proceedings, it might have been available, as a ground of defence, when Low should call upon him for reimbursement. Van Keuren having no right to appear before the referee, it follows, of course, that the testimony of the witness produced by him ought not to have been received.

In the view I have taken of this case, upon the merits, the errors which have occurred in the examination do not affect the

result. But as the questions were discussed upon the hearing, and as they are questions which may very frequently arise upon the numerous examinations which are likely to occur under the existing practice, I have thought it might be useful, in compliance with the expressed wish of counsel, to examine each of the questions raised, and briefly to state the result, in connection with the decision of the case upon the merits.