### SANDFORD *a.* CARR.

*Supreme Court, First District; Special Term, March,* 1856.

SUPPLEMENTARY PROCEEDINGS.—EXAMINATION OF WITNESSES.

A witness examined on supplementary proceedings, respecting property of the judgment debtor, is bound to answer all such questions as may be put concerning such property.

He is not to be excused from answering because he sets up a claim to the property which is the subject of examination.

Application to compel a witness examined upon supplementary proceedings to answer a question propounded.

DAVIES, J.—The defendant in this action has been examined, under the provisions of the Code, authorizing proceedings to the execution. The proceedings are a substitute for a creditor's bill, so well known under our former system in the Court of Chancery.

The object of the provisions of section 292 of the Code is, to discover property of the defendant which ought to be applied upon the judgment recovered against him. For this purpose, it authorizes a judge to make an order requiring the judgment debtor to appear and answer concerning the property which he unjustly refuses to apply towards the satisfaction of the judgment. This section of the Code further provides that on such examination, either party may examine witnesses in his behalf.

The obvious meaning of this, is that the judgment creditor may examine witnesses concerning the property of the judgment debtor, which it is alleged he unjustly refuses to apply towards the satisfaction of the judgment.

H. P. Carr is called by the judgment creditor as a witness, and answers that he is the son of the defendant; that he was once the owner of the furniture of the house where the defendant now lived, and that his father owned it before he did. He is then asked—how was it that you came into possession of the property? This question is objected to, and, as I understand, by counsel acting as counsel of the witness, on the ground that as it appears he claims to own the property, no further inquiry can be made concerning it.

The witness is bound to answer all such questions as may be put concerning the property of the defendant. He is not a party to the proceeding, and is not therefore entitled to have counsel on his examination. He must be regarded as a stranger to these proceedings. (Corning *v.* Tooker, 5 *How. Pr. R.*, 16). The concluding part of this section seems to me clearly to indicate, that the framers of the Code intended to authorize a most thorough and searching examination. It is, that "no person shall on examination pursuant to this chapter, be excused from answering any question, on the ground that his examination will tend to convict him of the commission of a fraud; but his answer shall not be used as evidence against him in any criminal proceedings or prosecution."

Can it be contended therefore with propriety, that when the legislature had authorized an examination so searching, as to compel a witness to prove a fraud, when his testimony but for the protection of this section might be used as evidence to

convict him of a crime, a witness is to be excused from answering because he sets up a claim to the property which is the subject of the investigation? I think clearly not. Such a principle if maintained, would certainly defeat the legislative intention, and utterly preclude a judgment creditor from ever inquiring into property of the judgment debtor, if the same were claimed by any one else. Of course no witness could ever be examined in relation to it, as all inquiry is to be stopped, if the witness says either I " claim to own the property," or, " some one else, besides the judgment debtor, claims to own it."

I fully concur in the remarks of Mann, Justice, in Le Roy *v.* Halsey (1 *C. R. N. S.*, 275). That was a case of an examination of the defendants under this section, and I do not see why it is not as applicable to a witness as to the defendant. This section of the Code, in my judgment, places them upon the same footing, so far as the examination is concerned. He says: " The object of the examination is to ascertain whether the debtor has any property subject to, or exempt from the execution, which ought to be applied to the plaintiff's claim. The debtor is required to appear and answer " concerning his property," that is, the property belonging to him at the time of the examination or bound by the judgment; and every question tending to throw light on that subject is pertinent. It is not sufficient that the defendant answer generally that he has no property, the plaintiff may prosecute his inquiries notwithstanding such an answer. If the defendant is in possession of any property, the plaintiff may ask when, and where, and how he obtained the possession, and on what terms he holds it. If the defendant is not in the possession of any property, he may be asked whether he had any or was interested in any a short time previous to the judgment, and what has become of it, and if he answers that he has sold it absolutely, he may be asked what were the conditions of the sale, and what has became of the proceeds, so as to ascertain whether any portion of them is yet due to him. But if it appear that he has not in his possession or under his control, any portion of such proceeds, the inquiry respecting such property or proceeds can go no further. There is, in such case,

nothing for the creditor to receive. If the answer to the question raised any doubt as to the *bona fides* of the suit, *the examination may be thorough on that point*, as a fraudulent transfer of property may not afford any protection against a creditor. (Greene *v*. Hicks, 1 *Barb. Ch. R.*, 316, 317).

The witness must answer the question propounded, and all such other questions as fall within the principles of the preceding opinion.