ROBINSON'S CASE.

*New York Common Pleas; Special Term, November*, 1856.

PROPERTY EXEMPT FROM EXECUTION.—"FAMILY LIBRARY."— "TOOLS."

The professional books necessary to a professional man who supports a family for the practice of his profession, are exempt from execution as a part of his " family library."

The surgical instruments of a physician are exempt, as his " tools."

Order to show cause why an attachment should not issue.

Frederick J. Robinson, a judgment debtor, having been examined upon proceedings supplementary to execution, a receiver was appointed of all his property, &c. The receiver now moved for an attachment against Robinson, for contempt in refusing to deliver up to the receiver certain personal property in his possession. The property consisted, in part, of :—

Nineteen medical works.

Several volumes of miscellaneous works, magazines, &c.

A number of surgical instruments.

Some drugs.

The opposing affidavit of the judgment debtor showed,— that he had a family to support, and that he was a physician by profession,—that his medical books, surgical instruments and drugs, were indispensably necessary to the practice of his profession, and were not worth above twenty dollars, and that the miscellaneous books were kept and used as a part of his family library, and were not worth more than five dollars.

---

* For the rule of the Supreme Court upon this subject, as laid down by Mitchell, J., see Martin *a.* Kanouse, 2 *Ante*, 330.

BRADY, J.—after deciding upon the exemption claimed as to other articles specified in the moving papers.

Defendant is a surgeon. The medical books and surgical instruments are, he swears, necessary to the performance of his professional labor, and must be regarded as tools and part of the family library. It is true that the statute does not designate of what the family library shall consist, and it may be that books of a miscellaneous but instructive character are contemplated, without reference or regard to the scientific books which may constitute the chief means of the debtor's support. The head of a family whose vocation is one of the learned professions, will be protected to a reasonable extent in the possession of books which are to him necessary for the revelations they contain, and a reasonable amount of miscellaneous matter, as well for his use as for the use of his family. This statute is remedial, and should be liberally construed to effect the humane object in view. (Carpenter *v.* Warrington, 25 *Wend.* 370, and see Eastman *v.* Coswell, 8 *How. Pr. R.*, 75). I think, for the reasons assigned, the books and surgical instruments cannot be taken from the defendant. Morse *v.* Keyes, (6 *How., Pr. R.*,) shows the object of these statutes.

The defendant has a family to support, and this brings him within the provisions of the act of 1842 (*Laws*, 193). The case of Hutchinson *a.* Chambers (11 *N. Y. Leg. Obs.*, 248), would, perhaps, justify me in regarding the defendant as a householder, but I do not think it necessary to consider this motion in that aspect. It is enough that the defendant has a family, for which he provides, consisting of two children. It does not affect his exemption right that his children are temporarily absent to be educated. He provides for them, and for that reason the law in its humanity secures to him certain articles which are necessary both for his and their comfort, instruction and support.

Motion denied as to all articles, save drugs, without costs to either party.