GEORGE SHERWOOD, Appellant, *v.* A. DOLEN, JOHN GILCHRIEST and others, Respondents.

*Witness — examination of, in supplementary proceedings — when he cannot be compelled to subscribe the referee's minutes.*

Where upon the examination of a witness in proceedings supplementary to execution, the testimony actually given has been erroneously taken down, the witness has a right to have the minutes changed so as to conform to the testimony actually given by him, and the court has no power to compel him to subscribe his name to a statement which is not strictly true, even though its falsity be shown by a supplementary entry in the minutes.

Appeal from an order denying a motion to compel the defendant to subscribe his name to his examination in supplementary proceedings.

It appeared that in obedience to an order of the county judge of Westchester county, the defendant Gilchriest appeared before a referee, and was examined concerning his property. At the close of his examination, plaintiff's attorney moved that the defendant be required to subscribe the minutes of his testimony, and the referee so ordered. The defendant objected to obeying such order, upon the ground that the minutes, as he alleged, did not correctly set forth what he had said, and represented him as saying what he had not said, and what he claimed to be untrue, and requested corrections in the body of such minutes. Thereupon, by consent of parties and of the referee, certain corrections were made; that defendant insisted upon making other and further corrections, by striking out of the body of such minutes certain words therein contained; that plaintiff's attorney objected to such corrections, claiming the minutes were correct as they then stood; that defendant was then sworn in respect of such alleged errors, and under oath testified that such alleged errors existed in said minutes, which testimony so taken is annexed to, and forms a part of the report of said referee; that plaintiff's attorney then consented and offered that defendant make such corrections as he might desire at the end of said minutes, but not in the body thereof, but the defendant refused to avail himself of such offer.

Thereupon, on · motion of plaintiff's attorney, the referee again ordered said defendant to subscribe said minutes, after making any desired corrections at the end thereof; but said defendant refused to obey said order, though professing his willingness so to do, if such minutes could be corrected in the body thereof by striking out therefrom certain words. Upon the foregoing facts, plaintiff moved at Special Term for an order requiring the defendant to subscribe to the minutes of his testimony. From the order denying such motion this appeal is brought.

*John H. Knaebel*, for the appellant.

*W. F. Purdy*, for the respondents.

GILBERT, J. :

The objection of the defendant Gilchriest to subscribing the minutes of his examination was, that : " the minutes did not correctly set forth what he had said, and represented him as saying what he had not said, and which he claimed to be untrue." The papers do not show that the objection was not well founded in fact. But it is claimed that notwithstanding the minutes do not record what the deponent actually stated, the error can be corrected by a supplementary statement at the end of the deposition. We think that is an erroneous position. Persons examined under oath, are entitled to have their depositions accurately taken down in the first instance. If that is done, and they desire afterwards to correct their testimony, it is proper to do so in the mode suggested by HARRIS, J., in *Corning* v. *Tooker* (5 How. Pr. 16.) But when the testimony actually given has been taken down erroneously, the witness has a right to have the minutes changed so as to conform to the testimony actually given by him. The court has no power to compel a witness to subscribe his name to a statement which is not strictly true, even though the falsity of it be declared by a supplementary entry in the minutes, for that would be unjust to the witness. If the minutes be in fact correct, or if incorrect they have been properly corrected, the witness may be compelled to subscribe his name to them, but not otherwise. (Rule 30.)

The order must be affirmed with costs and disbursements.

Present — BARNARD, P. J., and GILBERT, J.; DYKMAN, J., not sitting.

Order affirmed with ten dollars costs and disbursements.