McAdam, C. J.
The special duty of counsel is to render aid to the parties and to the court, and the privilege of counsel is accorded to parties as a right in all judicial con-troversies. Cooley on Const. Lim., 330; Weeks on Attorneys, § 184; Constitution of N. Y., art. 1, § 6, 55 N. Y., 31.
How far this rule extends to witnesses examined under supplementary proceedings is the question presented by the present motion. The examination of witnesses in these proceedings is often taken for the sole purpose of obtaining information on which to found an action by the receiver to be appointed or to file a creditor’s bill against the witness. To deny a witness in such a case the benefit of counsel might tend to invite rather than prevent needless litigation, which proper explanation under the guidance of judicious counsel might avoid. If the proper explanation is not permitted at the time of the witness’ examination, he must give it after the suit against him, founded on the examination, is brought, and then the question invaribly put is, why didn’t you make that explanation on the examination? That that is the proper time to make it is inquestionable, and to, do it properly, the witness should have the same facility as upon the trial.
Corning v. Tooker (5 How. Pr., 16) was a third party proceeding against one Low, who testified that he owed *710 $100, he was in doubt whether the money was owing to the judgment debtor or to one Van Keuren. One Mead undertook to appear on the examination as Van Keuren’s counsel, with the evident object of proving that the $100 belonged to his client. The court held that, as Van Keuren was a stranger to the proceeding, his counsel had no right to take any part therein. This is as it should be. The case of Sandford v. Carr (2 Abb. Pr., 462) goes further, and holds that a witness examined in supplementary proceedings at the instance of the creditor, is not entitled to have counsel assist on the examination. Perhaps not, as a matter of strict right, but it might in some cases be an abuse of discretion to arbitrarily deny the privilege. The fact that a witness attends accompanied by counsel is neither offensive nor dangerous, nor does it necessarily import into the case a troublesome or intermeddling element. The court or referee may at all times limit and restrict the right of counsel, and keep them within proper bounds. There can be no general rule on the subject, as each case must stand on its own peculiarities, as every tub must stand on its own hot lorn.
Counsel should not be excluded from participating in the examination of a witness, when it is made to appear that the rights of the witness, and the due and orderly administration of justice require such aid for the elucidation of the whole truth and the proper information of the court.
■ While due regard must be had to preventing unnecessary or officious^ intermeddling calculated to delay the proceeding, there is no good reason why the aid of counsel, properly rendered, should be arbitrarily refused in every case of this character. If law is to be regarded as the perfection of human reason, it can do no harm to apply a fittle of it to these examinations, which in their aim, end and purpose, are merely intended as the basis of some future independent application on which the court is to be called upon to act. It would be discreditable in the extreme to imply that the aid of counsel, judiciously limited during the course of the examination, would not tend in some degree to a more intelligent consideration of the application the creditor may make after the examination is concluded. It will certainly tend to prevent abuse and undue advantage. The evidence of the witness as far as it has been taken will be allowed to stand, but in concluding it, counsel for the witness will be allowed to attend and take such part in the further proceedings, as the referee in his discretion deems proper for the information of the court and the due and orderly adminis- ■ tration of justice.