EDITH MASON FAXON, Respondent, *v.* JOHN MASON and Another, Appellants.

*Assignment for the benefit of creditors — refusals to find that certain evidence impeached its validity — exempt property — assignee not personally charged with costs.*

A trial court is not bound to find evidence, but should confine itself to the finding of conclusions derived therefrom, and in an action where the sole issue presented was whether an assignment was made to hinder, delay and defraud creditors, it is proper for the court to refuse to find that certain transactions ·and certain evidence did not tend to establish the plaintiff's cause of action.

The evidence considered and commented upon which is sufficient to sustain the finding of a trial court that an assignment was made to hinder, delay and defraud the creditors of the assignor.

Where books claimed to be exempt under the provisions of sections 1390 and 1391 of the Code of Civil Procedure exceed in value the sum of $250, even though considered to be the tools and implements of their owner, they are not exempt except up to that amount.

In the performance of the duty which devolves upon an assignee for the benefit of creditors he is bound to defend the assignment, unless he is personally acquainted with the facts which constitute the fraud for which the same was set aside, and in the performance of such duty he should not be personally charged with the costs of an action.

APPEAL by the defendants, John Mason and John Oscar Ball, from a judgment of the Supreme Court in favor of the plaintiff,

entered in the office of the clerk of the county of New York on the 20th day of December, 1893, rendered upon the decision of the court after a trial at the New York Special Term, setting aside as fraudulent and void as against the plaintiff a general assignment for the benefit of creditors.

*H. A. Forster* and *F. Bien*, for the appellants.

*J. Byrne*, for the respondent.

VAN BRUNT, P. J.:

This action was brought to set aside an assignment executed by the defendant Mason, upon the ground that it was made with intent to hinder, delay and defraud creditors.

After a trial the court held that the assignment was made with intent to hinder, delay and defraud creditors, and granted a judgment setting it aside, and from that judgment this appeal is taken.

It is claimed by the appellants that the learned judge erred in not making certain findings proposed by the defendants. But it seems to us that no error was committed in this regard. The question before the court was whether the plaintiff could establish that the assignment of the defendant had been made to hinder, delay and defraud creditors, and this was the only question of fact which it was necessary to pass upon in order to determine the question as to whether the plaintiff or the defendants were entitled to judgment.

All the requests which were made upon the part of the defendants were evidential in their character, and the court is not bound to find evidence, but may, and should, confine itself to the finding of conclusions derived from the evidence. The sole issue presented being as to whether the assignment in question was made to hinder, delay and defraud creditors, and this being strictly a question of fact, the court seems to have been right in refusing to find that this transaction and that transaction, this bit of evidence and that bit of evidence, did not tend to establish the plaintiff's cause of action.

This brings us to a consideration of the claim made upon the part of the appellants, that there was no proof which justified the court below in finding that the assignment in question was made with intent to hinder, delay and defraud creditors. There were various

First Department, March Term, 1894.          [Vol. 76.

transactions which were investigated during the progress of this trial, in respect to some of which it may very well be that no proof of fraud, such as would invalidate the assignment, was presented. But there are others in respect to which we can come to but one conclusion, namely, that there was an evident intent upon the part of the assignor to withhold property which belonged to him from the operation of the assignment.

A reading of the evidence and a consideration of the claims which have been made in respect thereto by the appellants lead irresistibly to the conclusion that the alleged gift of all the personal property of the defendant Mason to his wife, if it ever occurred, was never intended to be absolute unless circumstances required it. The character of the testimony of the wife of the defendant is certainly remarkable. Almost the whole of her direct examination was a mere assent by her to propositions suggested by the counsel for the defendants. The indefiniteness of her memory in respect to the circumstances of the alleged gift would be in itself a matter naturally calculated to create suspicion. But when we have proof of the fact that the defendant assumed to exercise control over some of this property alleged to have been given to the wife, as his own, and even now claims the ownership of other of such property, it does not seem possible to come to any other conclusion than that which has been above suggested. It is asserted by the wife that at the time of her wedding, or prior thereto, the defendant gave all his personal property to her, consisting of horses, carriages, furniture, pictures, etchings, books, etc., and that subsequently thereto he gave her the books which he purchased. She further testified to the fact of her husband having bought in his name for her, certain furniture; but that she furnished the money which had been received from her father and given to her husband, who used it for that purpose. She is unable to state the circumstances under which these various gifts were made; but only states in a general way, that everything which the husband owned, including his watch and shirt studs, were given to her. Why, when the shirt studs were given, the shirt was not given also we cannot imagine, because the defendant seems to have been careful to strip himself of every particle of personal property which he could possibly own. When we come to the evidence of the defendant he is able to state with a little more particularity the

circumstances of the gifts in question ; and he testifies to having
made the gift of this personal property to his wife at the time of
his marriage, and also that he had given to his wife all of his books,
without which it was impossible to carry on his business ; that he
gave them to his wife because she wanted them — she took a great
deal of interest in his library, and had a large one of her own —
she combined them, and he gave her his own so that she could call
the whole thing her own.

In reference to the furniture alleged to have been bought for his
wife, upon the trial he testified that he received the money in the
shape of a check from his wife's mother or father, and that that check
was deposited to his credit and he paid the money to the cabinet
maker for the furniture.    Upon his examination in supplementary
proceedings the defendant gave a different version of this transac-
tion.    He stated that he could not even remember the circum-
stances of her giving the money with which to purchase it.    And
when asked " You have no idea where she obtained the money ? "
he answered : " I think it was money she had saved — money that
her parents had given her before we were married.    Q. Did she
have a bank account ?    A. Yes, and had ever since we have been
married.    Q. Did she give you a check ?    A. No, sir ; she gave me
the money — drew it out of the savings bank ; I took the money to
the store and paid the bill by check."

It is true that the witness says that the testimony upon this trial
and in the supplementary proceedings was about the same ; but
there seems to be quite a radical difference.    And notwithstanding
this gift, when the witness writes to his sister in regard to the
exchange of furniture, he talks about his furniture and not his
wife's.

It is undoubtedly true that a large portion of this furniture was
stored in his wife's name for a period of time anterior to the failure.
But this circumstance does not overcome the absolutely convincing
proof that this gift was a mere sham, when we consider that not-
withstanding the positive evidence that he had given to his wife all
the books which he used in his business, he upon the trial, and his
counsel upon the argument of this appeal, claim that the books
engaged in his business belonged to him, and that they were exempt
as tools of trade.    Now, if these books belonged to him, certainly all

the other furniture which he had given to his wife belonged to him. His claim that he still had the ownership of these books characterizes the nature of the whole of the gift. They were to be his wife's if anybody could take them; and what he supposed nobody could take remained his. The evidence as to the gift of these books is just as strong as that relating to any other piece of personal property claimed by the wife.

In view of this condition of the evidence, no other conclusion can be arrived at than that already suggested, that the gift was only to be good in so far as it was necessary to keep the property out of the hands of creditors. It would seem, however, that this whole idea in regard to this gift was an afterthought, conjured up for the purpose of protecting some part of this defendant's property from his creditors.

The question then arises as to the claim made that those books which were withheld from the assignee were the defendant's tools of trade, and consequently were exempt from the claims of creditors.

It would seem that this claim is effectually disposed of by sections 1390 and 1391 of the Code of Civil Procedure. Among the exemptions, as far as applicable to the case at bar, it is provided that the tools and implements of a mechanic necessary to the carrying on of his trade, not exceeding in value twenty-five dollars, shall be exempt; and by section 1391 it is provided that, in addition to the exemptions allowed by the last section, necessary household furniture, working tools and team, professional instruments, furniture and library not exceeding $250 in value are exempt. The books in question, even if considered the tools and implements of the defendant, exceed in value the sum of $250 greatly, and, therefore, were not exempt except to that amount. And all this property was deliberately and intentionally kept from the assigned estate.

In view of these considerations, it is apparent that the court below had more than ample evidence to justify the conclusion that this assignment was made with intent to hinder, delay and defraud the creditors of the defendant Mason. There was a willful withholding of property; there was a deliberate concoction of the claim of a gift to the defendant's wife, which had no substantive existence, but was a mere myth, and it seems to us solely the offspring of the imagination.

The court, therefore, was more than justified in making the finding which it did in regard to the fraudulent character of the assignment.

Some question is made as to a ratification by the plaintiff of the assignment which was set aside. It is hardly necessary to discuss such a proposition, because all the affirmative acts done which could amount to a ratification had taken place prior to the time when the plaintiff had any knowledge of the fraud because of which the assignment was set aside.

It is further claimed that the court erred in not allowing the assignee compensation for his services in caring for and preserving the estate. We have examined the judgment in vain to find any determination upon that point. A referee has been appointed to take and state the accounts of the assignee, and upon such reference the question of compensation to the assignee may properly be considered.

We think, however, that the assignee should not have been charged personally with the costs of the action. In the performance of the duty which devolved upon him as assignee, he was bound to defend the assignment, unless he was personally acquainted with the facts which constituted the fraud for which the same was set aside. It does not appear from the evidence in this case that he was so cognizant, or that he had anything to do with the fraud which resulted in the setting aside of the assignment, and the judgment should be modified in that respect.

The judgment appealed from, as so modified, should be affirmed, with costs against the defendant Mason, but without costs as to the defendant Ball.

O'BRIEN and FOLLETT, JJ., concurred.

Judgment modified as directed in opinion and as modified affirmed, with costs against the defendant Mason, but without costs as to the defendant Ball.