(39 Misc. Rep. 408.)

### LEGGETT v. WALLER.

(Supreme Court, Special Term, New York County. December, 1902.)

1. SUPPLEMENTARY PROCEEDINGS—ASSETS—SEAT IN STOCK EXCHANGE.
    A seat in a stock exchange is property which will pass to a receiver of the property of the member in supplementary proceedings.
2. SAME—PREFERENCES.
    Where a seat in a stock exchange passing to a receiver of the member in supplementary proceedings is incumbered by preferred debts to other members of the exchange, the receiver acquires only the equity in the seat.
3. EXEMPTIONS—SEAT IN STOCK EXCHANGE.
    A seat in a stock exchange is not exempt, under Code Civ. Proc. § 1391, as working tools of the member.

Action by Thomas Leggett, assignee, against Harry T. W. Waller. Judgment for plaintiff. Application for the appointment of a receiver. Granted.

Samuel I. Ferguson, for plaintiff.
McCurdy & Yard (Delos McCurdy, of counsel), for defendant.

FITZGERALD, J. This is an application by a judgment creditor for the appointment of a receiver of the property of his judgment

¶ 1. See Bankruptcy, vol. 6, Cent. Dig. § 202; Exchanges, vol. 21, Cent. Dig. § 8; Execution, vol. 21, Cent. Dig. §§ 62, 1100, 1173.

debtor, as disclosed by the examination of the latter in supplementary proceedings. The property in question consists of a seat in the Consolidated Exchange, of the estimated value of $2,000, but against which the debtor testifies there are debts, for money loaned, now outstanding. The application is opposed upon the three grounds: That the examination discloses no property to which the receivership could attach; that the seat and its attendant privileges constitute the defendant's necessary working tools, and, as such, are exempt from judgment creditors; and finally, that the cases in which such applications have been granted concerned only the New York Stock Exchange, the rules of which are different from those of the Consolidated Exchange.

So far as the judgment creditor's right to the receivership is concerned, the first objection is of no force. The examination does disclose that the debtor owns a seat in the Consolidated Exchange, of the estimated value of $2,000. It is true that the examination states that against this seat there are claims of other members; and these claims, under the rules of the association, have preference over, and are to be paid before, all other claims. The debtor does not show, however, the nature or extent of these claims, or disclose the probability that the amount thereof is sufficient to exhaust the fund that might be created by a disposition of the seat; and it may be that he has a substantial equity therein, to which the receiver would be entitled. Where there are conflicting claims against the debtor's property, the court cannot try and determine them, but should appoint a receiver (Teller v. Randall, 40 Barb. 242; Corning v. Tooker, 5 How. Prac. 16), who will receive such title to the property as was in the judgment debtor, and subject to the conditions and restrictions by which it was surrounded in the latter's hands. The alleged existence of the other indefinite claims should not prevent the receivership, though it may subsequently cause that receivership to be of no practical benefit, so far as a realization of assets is concerned.

The second objection is made upon the authority of Keiher v. Shipherd, 4 Civ. Proc. R. 274, where it was held that the share in the New York Law Institute, of the value of $150, held by the judgment debtor, a lawyer in active practice, and the privilege it confers, constituted his necessary working tools and library, as a member of the legal profession, and as such was exempt from judgment creditors. That case is not identical with the one now before the court, for, though the constitution of the law institute, and the nature and extent of the privilege of membership therein, were not in that case, and are not now, fully set forth before the court, for the purpose of comparison, it may be said that the share and its attendant privileges are commonly supposed to consist of the right to make use of the books and facilities supplied by the institute. These books and similar facilities constitute the working tools of the lawyer. It is financially and physically impossible for the ordinary practitioner to own and keep all or most of the books in which the law is recorded or expounded, but he may obtain access to and the use of them by securing membership in an association which does possess them; and, when he does, that membership constitutes, in law, his books or li-

brary or working tools. Such is the full extent and significance of the decision referred to, as is evident from the authority upon which it is based, viz., Robinson's Case, 3 Abb. Prac. 466, where it is held that the professional books necessary to a professional man who supports his family, for the practice of his profession, are exempt from execution, as a part of his family library. The membership in such an institute, with its priviliges, as above stated, and as commonly understood, is essentially different, in legal nature, from the valuable right, license, or franchise to transact business in a special board or exchange, with a limited membership, and with peculiar rights and suitable facilities for the conduct of such business. Again, even assuming that the seat in question constituted the judgment debtor's working tools, it would, under section 1391 of the Code, be exempt only to a sum not exceeding $250 (Faxon v. Mason, 76 Hun, 408, 27 N. Y. Supp. 1025), whereas the debtor's own testimony shows it to be now worth about $2,000.

The third objection of the debtor seems to concede that, so far as seats in the New York Stock and Cotton Exchanges are concerned, they are subject to the claims outside, including judgment creditors, and receiverships thereof may be ordered; but it further asserts that, by reason of the different rules of the Consolidated Exchange, a seat in the latter is not subject to such claims or receivership. The differences between the rules of the said exchanges, and consequently the differences between seats or memberships therein, and the effect of these differences upon the merits of this application, are not presented to the court. It has been held that a membership in the New York Cotton Exchange is property which passes to a receiver, who may maintain an action to compel the debtor to convey his seat to the member or to a member-elect, with whom the receiver may negotiate for its sale. Ritterband v. Baggett, 4 Abb. N. C. 67; Powell v. Waldron, 89 N. Y. 328, 42 Am. Rep. 301. The court of appeals, in People v. Feitner, 167 N. Y. 1, 60 N. E. 265, 82 Am. St. Rep. 698, indicates, at page 6, 167 N. Y., and page 267, 60 N. E., 182 Am. St. Rep. 698, a difference between the rules and regulations of the stock exchange and those of the cotton exchange. But an examination of these portions of the judicial authorities which quote the provisions of the constitution and by-laws of the stock exchange indicates that, so far as the nature of the membership and the merits of this application are concerned, they are very similar to, and in many respects identical with, those of the Consolidated Exchange, which are here referred to in opposition to this motion. And a membership in the former exchange has frequently been judicially declared to be property which passes to assignees in bankruptcy, is subject to the claim of creditors, and of which a receiver may be appointed. In re Ketchum (D. C.) 1 Fed. 840; Hyde v. Woods, 94 U. S. 523, 24 L. Ed. 264, referring to membership in the San Francisco Stock and Exchange Board; Bank v. Murphy, 60 How. Prac. 426; Belton v. Hatch, 109 N. Y. 593, 17 N. E. 225, 4 Am. St. Rep. 495; People v. Feitner, 167 N. Y. 1, 7, 60 N. E. 265, 82 Am. St. Rep. 698. As a final answer to the last objection of the judgment debtor, we have in the case of Roome v. Swan, 15 Civ. Proc. R.

344, an instance not only of the appointment of a receiver of a seat or membership in the very exchange of which the judgment debtor herein is a member, viz., the Consolidated Stock and Petroleum Exchange of New York, but also a statement of the subsequent procedure to make that receivership effectual.

For the above reasons, the motion for the appointment of a receiver should be, and is hereby, granted. As the right, title, and interest of the receiver is probably subordinate to the rights of the creditors of the judgment debtor who are his fellow members in the exchange, and as the receiver's jurisdiction over the seat or membership must be subject to and exercised in accordance with the rules and regulations of that exchange, the order to be presented should incorporate the practice suggested in Bank v. Murphy, 60 How. Prac. 426, and Roome v. Swan, 15 Civ. Proc. R. 344, 2 N. Y. Supp. 614. Settle order on notice.

Ordered accordingly.