C. A. KEATING V. J. STONE & SONS LIVE STOCK COMPANY ET AL.
No. 3163.

1. **Sale by Sheriff of Shares of Stock in Corporation.**—At common law corporate shares are not subject to levy and sale upon execution.

2. **Same—Statutes.**—Article 2294, Revised Statutes, provides, that "a levy on the stock of any corporation or joint stock company is made by leaving a notice thereof with any officer of such company." Shares so levied upon may be sold under execution. Rev. Stats., art. 2297.

3. **Same—Garnishment.**—By article 199, Revised Statutes, in garnishment proceedings the creditor is entitled to ascertain by the answer of the corporation what

number of shares, if any, the debtor owns in such corporation. These shares so ascertained shall be ordered to be sold, or so much thereof as may be necessary. Rev. Stats., art. 208.

4. Same—Uncertainty.—If in sale under execution of shares of stock no mention of the number of shares is required, then there would be nothing to prevent an excessive levy, and a very large estate might be sold to satisfy a very small judgment, and that, too, when the property was capable of division, leading to sacrifice to both debtor and creditor. There should be no such uncertainty in execution sales.

5. Same. — When the law gives the creditor a process by garnishment through which he may reach the shares of·stock, and get a sufficient description of them and' then have them sold under execution to satisfy his debt, he should not be allowed to proceed by execution in the first place without any description.

6. Same—Shares Described may be Sold.—If by any proper means the officer who levies the execution can ascertain the number of shares owned by the debtor, we have no doubt of his authority to levy an execution upon so many of them as may be proper to satisfy it, as in other cases; but when he neither possesses nor can acquire such knowledge he can not make a lawful levy and sale.

7. Imperfect Description of Stock—Void Sale.—Under a legal execution upon a valid judgment against John Stone the sheriff attempted to levy and sell shares of defendant in the "J. Stone & Sons Live Stock Co.," describing the property in the levy and in conveyance after sale as follows: "All the shares of stock owned and belonging to the said John Stone in said J. Stone & Sons Live Stock Co., and all the right, title, and interest which the said John Stone had on the 12th day of June, 1886, or at any time afterward, of, in, and to the said shares of stock." No effort by garnishment had been made to ascertain the shares of stock owned by the defendant. In a suit by the purchaser against the corporation asserting ownership, *held*, that the trial court properly excluded said levy and sale. They passed no title in the stock.

APPEAL from Dallas. Tried below before Hon. R. E. BURKE. The opinion states the case.

*Geo. H. Plowman,* for appellant.—1. Shares of stock in incorporated. companies, though not visible and capable of manual delivery, are personal property and subject to execution. Rev. Stats., arts. 500, 2294, 2297; Baker v. Wasson, 53 Texas, 150; 2 Freem. on Ex., secs. 262a, 348; Lowell on Transfers, sec. 38.

2. Under the Texas statute a levy on stock of any corporation is made by leaving a notice thereof with any officer of such company; and appellant having complied with said statute, his levy, as shown by the sheriff's return, was legally sufficient. Rev. Stats., art. 2284; O'Brien v. Ins. Co., 56 N. Y., 52; Mooar v. Walker, 45 Iowa, 164; Bank v. Dakin, 50 Barb., 587; The People v. Mfg. Co., 99 Ill., 363; Bank v. Ferris, 17 Conn., 182; Blair v. Compton, 33 Mich., 424, 425.

3. The levy and notice being in accordance with the statute, and the notice being served upon the proper officer in the proper county, a general description of the shares levied on was sufficient. Rev. Stats., arts. 2294, 2295, 2297, 2313; Howard v. North, 5 Texas, 290; Coffee v. Silvan, 15 Texas, 355; Ayres v. Duprey, 27 Texas, 594; Cavanaugh

v. Peterson, 47 Texas, 205; Fitch v. Boyer, 51 Texas, 346; Bourcier v. Edmondson, 58 Texas, 679; O'Brien v. Ins. Co., 56 N. Y., 52; Blair v. Compton, 33 Mich., 414; Bank v. Dakin, 50 Barb., 587; The People v. Mfg. Co., 99 Ill., 364; Van Norman v. Jackson, 45 Mich., 209; Hubbell v. Drexell, 11 Fed. Rep., 115; Lombard v. Pike, 33 Me., 141; Roberts v. Bourne, 25 Me., 166; Taylor v. Mixter, 11 Pick, 341; 2 Freem. on Ex., sec. 262a.

4. The defendants not being parties to the writ of execution, and there being no evidence that they had any interest in or lien on the shares of John Stone, they could not legally object to irregularities, if any, in the levy, and same not being void, was not subject to collateral attack. Lee v. Wharton, 11 Texas, 62; Hancock v. Metz, 15 Texas, 210, Ayres v. Dupree, 27 Texas, 594, 608; Hawley v. Bullock, 29 Texas, 217; Boggess v. Howard, 40 Texas, 153; Riddle v. Turner, 52 Texas, 150; The Meader Co. v. Aringdale, 58 Texas, 450; Hill v. Newman, 67 Texas, 265; Maverick v. Flores, 71 Texas, 118.

5. Where there is no seizure of the property and no inventory of it can be made, and sheriff is unable to give better description, a general description is sufficient. Bourcier v. Edmondson, 58 Texas, 675, 680; Messner v. Lewis, 20 Texas, 222.

6. The levy and notice not being void on its face for insufficient description, the shares being capable of identification, extrinsic evidence was admissible in aid of the description. Camley v. Stanfield, 10 Texas, 547–550; Wilson v. Smith, 50 Texas, 365; Rainbolt v. March, 52 Texas, 246; Holmes v. Buckner, 67 Texas, 107; 2 Freem. on Ex., sec 281.

*U. F. Short* and *N. G. Turrey*, for appellees.—1. All the evidence being in writing, about which there was no controversy, the legal effect and whether or not it was sufficient in law to transfer the shares of stock belonging to John Stone to plaintiff was a question for the court to decide, and the court acted properly in excluding it from the jury and in declaring the same to be insufficient to convey said shares. Bank v. Ferris, 17 Conn., 259; Blair v. Compton, 33 Mich., 414; Drake on Attach., 6 ed., sec. 259.

2. The notice of the levy made by the plaintiff in this case upon all the shares of stock owned by John Stone in the J. Stone & Sons Live Stock Company, the levy and the advertisement of said shares of stock for sale under said levy and the bill of sale were void, and the plaintiff acquired no interest in said shares by his purchase; and no parol or other evidence could be introduced to validate said sale.

HENRY, ASSOCIATE JUSTICE.—The appellant, claiming to own shares of stock in the J. Stone & Sons Live Stock Company, a corpora-

tion, brought this suit for a writ of injunction, a receiver, and an account.

The court charged the jury to find for the defendants, and the case is before us on bills of exception to the exclusion of the evidence offered by the plaintiff to prove that he was a stockholder in the corporation.

It appears that Keating had recovered a judgment in the District Court against John Stone, who owned a large number of the shares of stock of the corporation. Stone was absent from the State, and the plaintiff in the judgment made diligent inquiry of the officers and stockholders of the corporation to ascertain what interest in it was owned by Stone, but he failed to get any information on the subject. An execution was issued on the judgment, which the sheriff attempted to levy upon Stone's shares in the corporation by giving notice as prescribed by the statute, under which he made a sale and conveyance to Keating of said shares.

The description of the property sold, contained in the sheriff's return and conveyance, was as follows: "All the shares of stock owned and belonging to the said John Stone in said J. Stone & Sons Live Stock Company, and all the right, title, and interest which the said John Stone had on the 12th day of June, A. D. 1886, or at any time afterward, of, in, and to the said shares of stock."

The proceedings were in other respects regular, and such as would have vested title in the purchaser under a lawful levy and sale. The conveyance and other proceedings under the execution were offered in evidence by the plaintiff, but were excluded upon objection made by the defendants, on the ground that they were "void because they did not describe any number of shares of stock, nor sufficiently designate any property."

The Revised Statutes make provision for reaching and subjecting to creditors shares in corporations both by writs of garnishment and execution. These provisions were taken from the original act, approved March 13, 1875, which was entitled, "An Act to provide a mode for the sale of shares in any joint stock or incorporated company on execution." The first seven sections provided for reaching such shares by garnishment, both before and after judgment. In them very particular directions are contained in regard to the number of shares to be condemned and sold, as well as to the description of them in the judgment, so as to limit such sale and prevent the disposal of more than are required to satisfy the judgment. The eighth section of the act merely declares such shares to be "subject to execution in the same manner as other personal property is liable to execution by the laws of this State."

The Revised Statutes direct, that when the garnishee is a corporation the writ of garnishment shall direct it to answer "what number of shares, if any, the debtor owns in such company" (art. 199), and that

the court, if it renders a judgment against the garnishee, shall order the sale of the whole interest of the debtor, "or so much thereof as may be necessary to satisfy such execution." Art. 208. With regard to executions they contain but two provisions on the subject, which read as follows:

"Article 2297. Shares of stock in any joint stock or incorporated company may be sold on execution against the person owning such stock.

"Article 2294. A levy on the stock of any corporation or joint stock company is made by leaving a notice thereof with any officer of such company."

At common law corporate shares were not subject to levy and sale upon execution. In some States the means by which the officer making the levy may ascertain the number of shares owned by the debtor is prescribed by statute. Blair v. Compton, 33 Mich., 414; The People v. Mfg. Co., 99 Ill., 355.

In Connecticut a levy describing the number of shares levied upon was held to be sufficient. Bank v. Ferris, 17 Conn., 268.

The case of O'Brien v. Insurance Company, 56 New York, 52, is cited as authority that the levy of an execution upon shares of stock by a general notice showing that it is made upon the entire interest of the debtor, without mentioning the number of shares, is sufficient. That case arose upon the service of a notice of attachment under the New York code, and not upon the levy of an execution. In the opinion it is said: "The sheriff by his action and the notice he gives acquires no actual dominion over the property. It is as much beyond his personal control as before the levy; and there is no particular magic in the act of giving the notice that affects the status or the rights of any one, save as prescribed by statute, or changes the character or actual condition or possession of the property. The notice is but an act of caution to the individual upon whom it is served, intended and operating solely to prevent his paying the debt or delivering the property to the debtor, and impounding it to answer the judgment. A particular description of the property and debts supposed to be in the possession of or owing by the individual served is not necessary for the information of the party served, and would not more satisfactorily show to him the property intended to be reached. The individual served necessarily knows better than the officer can know the property and debts in his possession or owing by him subject to attachment. If a case could be supposed in which a party could be misled and injured by the generality of a notice of this kind, it might be different."

A levy and sale under an execution is quite a different thing. If in that proceeding no mention of the number of shares is required, then there would be nothing to prevent an excessive levy, and a very large estate might be sold to satisfy a very small judgment; and that, too,

when the property was capable of division. It would lead to a sacrifice of the interests of both the debtor and the creditor, resulting from the fact that what had been seized and was being sold might be entirely unknown to the bidders.

There should be no such uncertainty attending execution sales when it can be avoided, and it should be very clear that the Legislature so intended before any statute should be given such a construction. The fact that we have a statute providing for the sale under execution of a partner's interest in partnership property, and that in some other cases undefined interests of the debtor may be sold, is not a sufficient reason for pursuing the same practice in all cases, nor in the present instance.

In the case of partnership property there exists no means by which the interest of one of the partners can be determined until the business of the partnership has been wound up. In other cases, upon the facts given by the officer, the required information may be usually ascertained, and the law does not furnish in such cases any other process through which the property may be reached by a creditor.

The case of Bourcier v. Edmondson, 58 Texas, 675, is not in point. In that case a landlord filed his petition to foreclose his landlord's lien upon what was described in his petition as "a large quantity of household furniture and other personal property placed by Mrs. Bourcier on said premises, owned by her and now on said premises." It was further alleged, that the plaintiff was unable to describe the property more particularly. It was objected that the description of the property was not sufficient to authorize a foreclosure. In the opinion it was said: "The description of the property is rather vague, both in the petition and the judgment. But in such cases it must necessarily be so. The landlord has not such access to the premises as would enable him to make an inventory of the household and kitchen furniture of the tenant. In Messner v. Lewis, 20 Texas, 222, which was the case of an attachment lien upon 'a stock of goods and merchandise,' of which no other and better description was given in the sheriff's return, this court held the return insufficient, because it was in the power of the party executing the writ to enter a store of a third person where the goods of the defendant were and remain there long enough to seize, secure, and inventory them. Unless such inventory can be made, the best description of it is the general statement, which will comprehend all of the household and kitchen furniture on the place. This is more especially the case where no seizure of the property under summary process is sought. While it might be necessary to point out with some degree of certainty to the officer the property which he is to take possession of under such stringent writ, no special necessity for this could exist where it is left with the owner until the lien is foreclosed. Proof to identify it could be made on the trial, and a judgment rendered that would enable the sheriff to seize it under execution."

The opinion then proceeds to demonstrate that the judgment did sufficiently describe the property to be sold to enable the sheriff to identify it.

The opinion and the case in it cited clearly hold that a description that fails to identify the property levied upon will not be held sufficient when it is in the power of the sheriff to get a proper one. May it not be equally well said, that when the law gives to the creditor a process by garnishment through which he may reach the shares of stock and get a sufficient description of them, and then have them sold under execution to satisfy his debt, he should not be allowed to proceed by execution in the first place without any description? We think it may. It is "shares of stock" that the Revised Statutes declare may be sold on execution, thus recognizing the usual division and description of a shareholder's interest in a corporation. The interests of the owners of such stock are divided into shares to make them capable of subdivision, and all transactions of the owners are had with them in that way. If by any proper means the officer who levies the execution can ascertain the number of shares owned by the debtor, we have no doubt about his authority to levy an execution upon so many of them as may be proper to satisfy it, as in other cases, in the manner directed by the Revised Statutes; but when he neither possesses nor can acquire such knowledge we do not think he can make a lawful levy or sale. There having been no valid levy or sale, the plaintiff could not subsequently supply their place or acquire a right to recover the shares by proving other facts; and as the views expressed by us are decisive of the case, we deem it unnecessary to consider other objections.

The judgment is affirmed.

*Affirmed.*

Delivered February 19, 1892.

A motion for rehearing was refused.