[No. 15290.   Department Two.—June 12, 1894.]

# THE CITY AND COUNTY OF SAN FRANCISCO, RESPONDENT, v. CHARLES E. ANDERSON, APPELLANT.

TAXATION—SEAT IN STOCK AND EXCHANGE BOARD.—A seat in the San Francisco Stock and Exchange Board is not taxable property.

ID.—DOUBLE TAXATION.—An attempt to tax such seat, in addition to the taxes levied upon all the property of the stock board and corporation, is void as an attempt at double taxation.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Jarboe & Jarboe,* and *Edward R. Taylor,* for Appellant.

The seat in the stock exchange is a mere personal privilege, and not property in the true sense of the term. Furthermore all the property owned by the exchange has been assessed and the taxes thereon paid, and a further assessment of the right of membership therein would be double taxation. (*Scotland Co. v. Missoui etc. R. R. Co.,* 65 Mo. 123, 134.   See *Burke v. Badlam,* 57 Cal. 594.)

*J. E. O'Donnell,* and *H. Jones,* for Respondents.

A seat in the stock exchange is property. (*Clute v. Loveland,* 68 Cal. 254; *Habenicht v. Lissak,* 78 Cal. 351; 12 Am. St. Rep. 63; *Hyde v. Woods,* 94 U. S. 523; *Londheim v. White,* 67 How. Pr. 467; *Grocers' Bank v. Murphy,* 60 How. Pr. 426; *United States v. Ancarola,* 9 Rep. 303; 1 Fed. Rep. 676; *Powell v. Waldron,* 89 N. Y. 328; 42 Am. Rep. 301.)   The meaning of the term "property" for the purpose of taxation is defined as "moneys . . . . and all other matters and things real, personal, and mixed, capable of private ownership." (Pol. Code, sec. 3617, 1st subd.)   The term "personal property" includes every thing which is the subject of ownership

not included within the meaning of the term "real estate." (Pol. Code, sec. 361, 4th subd., 3617; Const., art. XIII, sec. 1.) If, as has been conclusively shown, the "seat" in question is "property," all property being assessable under our statutes (Pol. Code, sec. 3607), the assessment in question is valid.

McFarland, J.—The only question in this case is whether or not a "seat in the San Francisco Stock and Exchange Board" is taxable property, and in our opinion it is not.

What such a "seat" is sufficiently appears in the opinion of this court in *Lowenberg* v. *Greenebaum*, 99 Cal. 162; 37 Am. St. Rep. 42. In that case we held that a seat in said board, being merely "a personal privilege of being and remaining a member of a voluntary association with the assent of the associates," was not property that would pass by a sale under a common writ of execution; and following the views there expressed we hold that it has no such qualities as make it assessable and taxable as property. It is a mere right to belong to a certain association with the latter's consent, and to enjoy certain personal privileges and advantages which flow from membership of such association. Those privileges and advantages cannot be transferred without the consent of the association, and a forced sale of them would not give to the purchaser the right to occupy said "seat." It is too impalpable to go into any category of taxable property. Respondent cites *Clute* v. *Loveland*, 68 Cal. 254, but that case went upon the theory that the "seat" of a member of the said stock board represented his interest in the property of said board and in the property of a certain corporation called the Company of Associated Stockholders with which said stock board had certain relations. Now, the alleged taxes for which this suit was brought were for the fiscal year 1889, and the stipulated facts show that for said year "all the real and personal property owned by, or in the possession, or under the control" of, said San

Francisco Stock and Exchange Board and of said Company of Associated Stockholders were duly assessed to said board and said company, and that all taxes levied to pay the assessments were by said board and said company fully paid. Therefore, under the theory of the said case invoked by respondent, the attempt to tax said " seat " in addition to the taxes levied upon all the property of said stock board and said corporation was clearly an attempt at double taxation, and void within the principle of the case of *Burke* v. *Badlam,* 57 Cal. 594.

The judgment and order denying appellant's motion for a new trial are reversed.

DE HAVEN, J., and FITZGERALD, J., concurred.