TRANS-PECOS LAND & IRRIGATION CO.
v. ARNO CO-OPERATIVE IRR.
CO. (No. 491.)

(Court of Civil Appeals of Texas. El Paso.
Dec. 2, 1915.)

1. APPEAL AND ERROR ⊂⟩643 — MOTION TO CORRECT RECORD—TIME—POWER OF COURT.

Where the motion to correct the statement of facts on appeal showed that the figures "$20,-000.00" should have been "$200,000.00," and there was no applicable rule, the court, in the exercise of its inherent power, and in order to prevent fraud, might allow the motion, though not filed within 30 days, and though the error was not discovered until briefing the case.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2791–2794; Dec. Dig. ⊂⟩643.]

2. JUDICIAL SALES ⊂⟩45 — ACTION TO SET ASIDE—INTEREST OF PARTIES.

Allegations, in an action to set aside a judicial sale of an irrigation company's property, that the company was the owner of the property sold and that the individual plaintiff owned two notes containing a lien on its property, were sufficient allegations of interest, and proof that the property sold for $100, when reasonably worth $200,000, was sufficient proof that such interest would be injuriously affected.

[Ed. Note.—For other cases, see Judicial Sales, Cent. Dig. § 83; Dec. Dig. ⊂⟩45.]

3. PLEADING ⊂⟩36 — ADMISSIONS — ALLEGATIONS OF COMPLAINT.

Where the complaint in an action by an irrigation company and by an individual lienholder against its property, brought to set aside a judicial sale of its property for $100, alleged that it was reasonably worth $20,000, and that if they had not been misled by breach of an agreement to postpone the sale it would have brought that figure, the allegations did not amount to admissions, so as to preclude their proof that the property was actually worth more than that alleged, in answer to the plea that the sale price was adequate, in view of the property and the company's liabilities.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 81–86; Dec. Dig. ⊂⟩36.]

4. JUDICIAL SALES ⊂⟩35 — ACTION TO SET ASIDE SALE.

Courts generally refuse to set aside an execution sale for mere irregularities, as shown by the record, where such sale is not shown to be void by reason of fraud or because of irregularities.

[Ed. Note.—For other cases, see Judicial Sales, Cent. Dig. §§ 72, 73; Dec. Dig. ⊂⟩35.]

5. JUDICIAL SALES ⊂⟩39 — ACTION TO SET ASIDE SALE — GROUNDS — INADEQUACY OF PRICE.

Courts generally will not set aside judicial sales for inadequacy of price, where other things are regular, or where the irregularities, if any, are not such as to vitiate the sale.

[Ed. Note.—For other cases, see Judicial Sales, Cent. Dig. § 77; Dec. Dig. ⊂⟩39.]

6. JUDICIAL SALES ⊂⟩36—VALIDITY—IN GENERAL.

A judicial sale of the property of an irrigation company subject to a lien was void, where no specific property was described in the judgment upon which the lien attached and was foreclosed, where the judgment did not order execution against any property upon which the lien was declared to attach, but directed the sale as under execution upon a sufficient amount of its property to satisfy the lien and costs of sale, where the order of sale, having been returned by the sheriff prior to sale, was functus officio, and where it was induced by parties interested, in violation of an express agreement not to sell the property.

[Ed. Note.—For other cases, see Judicial Sales, Cent. Dig. § 74; Dec. Dig. ⊂⟩36.]

7. JUDICIAL SALES ⊂⟩45 — ACTION TO SET ASIDE—JUDGMENT.

In an action by an irrigation company and by an individual plaintiff, who had had a lien on its property, to set aside a judicial sale of its property, with cross-action by the purchaser's assignee against the individual plaintiff, a judgment that the assignee recover on its cross-petition against the individual plaintiff, and that a cloud be removed from the assignee's title, was erroneous, and contradictory to judgments for the plaintiff company against the defendant company, in that it attempted to quiet title to property in the assignee, when there was no proof of any valid title in it.

[Ed. Note.—For other cases, see Judicial Sales, Cent. Dig. § 83; Dec. Dig. ⊂⟩45.]

⊂⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**8. JUDICIAL SALES ⬡⟹45 — ACTION TO SET ASIDE—JUDGMENT—ELECTION.**

In such action a judgment recital that the plaintiffs desired to elect as to which of them would prosecute as plaintiff, and that their attorney elected that the plaintiff company would prosecute the cause solely for and on its behalf, was erroneous, where there was no evidence in the record to prosecute solely in the name of the plaintiff company.

[Ed. Note.—For other cases, see Judicial Sales, Cent. Dig. § 83; Dec. Dig. ⬡⟹45.]

**9. JUDICIAL SALES ⬡⟹45 — ACTION TO SET ASIDE—JUDGMENT—APPLICATION OF MONEY TENDERED.**

In an action by an irrigation company and its lienor to set aside a judicial sale of the company's property, joining as defendants the purchaser and his assignee, where the plaintiff tendered into court a sum of money to the purchaser and others, and where the purchaser, who had paid the value of the judgment on which execution was had, disclaimed any title in the property, and sought to have the judgment confirmed or set aside, the only judgment which might be rendered was in accordance with the purchaser's pleading, so that a decree awarding the money to him was erroneous.

[Ed. Note.—For other cases, see Judicial Sales, Cent. Dig. § 83; Dec. Dig. ⬡⟹45.]

**10. APPEAL AND ERROR ⬡⟹1175 — FINAL JUDGMENT—RENDITION.**

Whether such judgment was final or not, it confirmed the decree in the action in which the judgment leading to judicial sale was had, so that the court reversing it would enter such judgment as could, under the pleadings, verdict, and evidence, have been entered by the trial court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4573-4587; Dec. Dig. ⬡⟹1175.]

Appeal from District Court, Reeves County; S. J. Isaacks, Judge.

Action to quiet title by the Arno Co-operative Irrigation Company and Christine F. Werner against the Trans-Pecos Land & Irrigation Company and others, with cross-action by defendant company against plaintiff Werner. Judgment on the verdict returned for plaintiff company against defendant company and others, and default judgment for defendant company against plaintiff Werner, and defendant company appeals. Reversed and rendered.

Leslie A. Needham and Jno. B. Dandridge, both of Chicago, Ill., and Ross & Hubbard, of Pecos, for appellant. Clay Cooke, of Pecos, for appellees.

HARPER, C. J. Appellees, Arno Co-operative Irrigation Company, a corporation, and Christine F. Werner filed this cause August 8, 1913, against M. J. Zollman, Elmer Johnson, individually and as receiver, and the Trans-Pecos Land & Irrigation Company, a corporation, to set aside the judgment entered in cause No. 1124 on the docket of the district court of Reeves county, Tex., to set aside the order of sale issued from said judgment and the sale made by the sheriff thereunder, and to set aside and cancel the deed made pursuant to the sale made by the sheriff to M. J. Zollman, and that they have judgment removing the cloud cast upon the title to the property by virtue of the deed aforesaid, as well as the cloud cast upon the title by virtue of the deed from M. J. Zollman to the Trans-Pecos Land & Irrigation Company.

The cause was submitted to the jury upon special issues, and upon the verdict returned judgment was entered that Arno Co-operative Irrigation Company recover of the Trans-Pecos Land & Irrigation Company; that the order of sale and the return thereon, and the deed executed by the sheriff to Zollman, and the deed from Zollman to Trans-Pecos Land & Irrigation Company be canceled; and it further decrees that Trans-Pecos Land & Irrigation Company recover said property as against plaintiff Christine F. Werner by default, as expressed in the decree, because she did not answer the cross-action of the defendant Trans-Pecos Land & Irrigation Company, and that the title in the Trans-Pecos Land & Irrigation Company be quieted—from which this appeal is taken.

[1] Preliminary to passing upon the assignments of error, appellees urge a motion to correct the statement of facts as it appears in this court. The facts alleged in the motion, and which are apparent upon the face of the record, are that the copy of the statement of facts filed in this court has a witness' statement:

"All of the property described in the sheriff's deed, considering that good title passed at the sheriff's sale, I should say that it had a minimum value of probably $200,00.00."

It is apparent that one cipher has been erased. The affidavits of appellee's counsel, and of the clerk, are that the copy now in the clerk's office contains the other cipher, making the testimony "$200,000.00," instead of "$20,000.00." The stenographer testifies that the testimony of the witness was "$200,-000.00," and the attorney files his affidavit that he corrected both copies before he agreed to same, and that the change has been made at some time by some person since that time.

Appellees do not deny that the motion and the accompanying affidavits state the facts, but urge that motion comes too late, because not filed within 30 days. This is not a motion relating to informalities in the manner of bringing a case into court, as per rule 8, nor is it governed by rule 11, relating to certiorari to perfect record. In fact, there is no rule applicable; but it occurs to us that it would be an anomalous and unfortunate condition of affairs that, between the time it was approved by the judge and the time to brief the case, the statement may be so altered by the fraudulent act of some person as to destroy the case of one of the parties to the appeal in some material particular, as in this case, and this court be

powerless to order that the alteration be made to show the facts, because, forsooth, the party aggrieved did not discover it until he was called upon to brief the cause. The power is clearly suggested by the Supreme Court rule 11, in regard to motions, and if there is no express authority in the statute, the inherent power of the courts of this state to prevent frauds being perpetrated upon the court itself is amply sufficient. The motion, therefore, is granted, and the record ordered corrected in accordance with its prayer.

### Findings of Fact.

March, 1913, one of the plaintiffs in this cause, Christine F. Werner, filed suit against Arno Co-operative Irrigation Company in the district court of Reeves county, No. 1124, upon certain notes, and among other things asked that a receiver be appointed. Elmer Johnson was appointed receiver. Thereafter, at the April term of court, said Werner took a nonsuit as to her cause of action and the following judgment was entered:

"Christine F. Werner v. Arno Co-operative Irrigation Company et al., No. 1124. In the District Court of Reeves County, Texas, April Term, A. D. 1913.

"On this the 12th day of May, A. D. 1913, one of the days of the regular April term of this court, came on to be heard the above styled and numbered cause, and all the parties hereto appearing either in person or by attorney, and the plaintiff Christine F. Werner, having announced to the court that she desired not to prosecute this cause further, but to nonsuit same, was by the court permitted to nonsuit, and it is ordered by the court that this cause be dismissed, and that all costs in this behalf expended or accrued be taxed against plaintiff, for which defendants and the officers of this court may have execution. And Elmer Johnson, heretofore appointed and qualified as receiver for the property of defendant company, is ordered to make a complete report of property or money coming into his hands, and the disposition thereof, that he might be finally discharged.

"And on this the 29th day of May, 1913, came on to be heard the final report of the said Elmer Johnson, receiver of the Arno Co-operative Irrigation Company, which report included inventory of property received as such receiver, and also his inventory of property turned back to S. B. Pugh, as president of said corporation, and said report having been examined and found correct as to the property received and returned, and the expenditures appearing to be proper and correct, and it appearing to the court that the indebtedness contracted as shown by said report is property and consists of rightful charges, except the item of $250 for attorney's fees, which, in the opinion of the court, should be only $100, said report is in all things, except said attorney's fees, approved, and J. W. Parker is allowed the sum of $100 for attorney's fees. And the said Elmer Johnson is allowed the sum of $250 for services as receiver, and ordered paid the sum of $210, it being shown by the report that he has been paid the sum of $40.

"And it is further ordered by the court that the said receiver do have a lien on the property of the said Arno Co-operative Irrigation Company to secure the payment of said indebtedness, the sum of $480.96, and that, if same is not paid within 30 days from the adjournment of this court, said receiver shall have an order of sale as under execution on a sufficient amount of said corporation's property to satisfy said indebtedness and the costs of sale."

Thereafter, on July 8, 1913, order of sale was issued, which directed the sheriff to seize and sell the property of the Arno Co-operative Irrigation Company, described as follows:

"All the assets of every character and description, whether same be real, mixed, or personal property, now belonging to it, the said Arno Co-operative Irrigation Company, situated in Reeves county, Texas, same consisting of and being a certain irrigation plant situated in said county on the Pecos river, about 20 miles north of Pecos City, this sale to include the main canal of said corporation, all its laterals, flumes, spillways, wasteways, and reservoirs, laterals and by-laterals, its dam across the Pecos river, all houses and buildings of every character belonging to said corporation, and all implements of every character, consisting of plows, barrows, rakes, buggies, all horses belonging to said corporation, all character of property of every description belonging to said corporation, and all rights of way owned by said corporation, as said receiver's lien existed on the 12th day of May, 1913."

It was agreed upon the trial that the order of sale was issued, and that the property described in the order of sale was duly advertised by the sheriff for sale on August 5, 1913. Thereafter, and before the sale took place, the attorney of the irrigation company, Elmer Johnson, receiver, and his attorney, agreed to call the sale off. The sheriff was notified of this agreement and indorsed upon the back of the process:

"Not sold by order of plaintiff's attorney.
                          "J. W. Parker."

The president of the Arno Company was notified by wire that the sale would not take place, and his attorney, relying upon the agreement not to sell, left the city and was not present. On the day the sale was advertised to take place, Leslie A. Needham sought to induce the receiver to go ahead with the sale in the face of this agreement not to do so, and served upon him written demand to proceed with same, and as a matter of inducement, showed the receiver a telegram from the district judge, as follows:

"It is my opinion as a lawyer that the receiver has the right to call off the sale, provided he releases his judgment lien and becomes personally responsible for the indebtedness; otherwise, not."

The sale was made August 5, 1913, of all of the assets of the Arno Co-operative Company, consisting of dams, canals, laterals, implements, etc., which the uncontroverted evidence shows to be worth $200,000, for the sum of $100.

About the time of this sale, said Needham, Zollman, Dandridge, and Pugh organized the Trans-Pecos Land & Irrigation Company, appellant in this case. At the time of this sale, Needham, Dandridge, and Pugh were claiming to be officers of the appellee company and had possession of the property under such claim. Immediately after the sale by the sheriff August 6, 1913, Zollman transferred said property to the Trans-Pecos Land & Irrigation Company.

The first assignment reads:

"The court erred in overruling this defendant's motion, made at the close of the plaintiff's case, and prior to the introduction of any evidence for or on behalf of any of the defendants in this cause, to direct the jury to return a verdict in said cause for this defendant, for the reason that the plaintiff, Arno Co-operative Irrigation Company, by its attorney, prior to the time when the said plaintiff had rested its case, and prior to the offer of any evidence in said cause on behalf of any of the defendants herein, did in open court admit that said judgment of the district court in favor of Elmer Johnson, receiver, rendered at the April term of said court, A. D. 1913, in cause No. 1124, the order of sale issued thereon, and the levy thereof, and notice and advertisement of said sale thereunder, by the sheriff, to be in all things regular, valid, and binding; and it appearing that said plaintiff, by its said petition, to wit, its first amended original petition, filed herein on December 8, 1913, alleged, among other things, that all of the property of the plaintiff in controversy in this cause, and which was alleged to have been sold by the sheriff at said sale complained of, held on August 5, 1913, on said date was reasonably worth the sum of $20,000, and which property would have brought said sum of $20,000 if said proceedings therein had been legal and valid, or if said sale had been properly conducted, and also alleged in said petition that all of said property in controversy in this cause and by said sheriff sold on August, 5, 1913, to the defendant Zollman, was, at and prior to the time of said sale, incumbered by a valid and subsisting lien, to wit: A certain trust deed to H. T. Beauchamp, trustee, to secure an indebtedness evidenced by two certain notes, each for the sum of $9,250, payable on demand, dated at Pecos, Texas, June 14, 1911, each of said notes bearing interest from date until paid at the rate of 10 per cent. per annum, and for the payment of the usual 10 per cent. attorney's fees, if placed in the hands of an attorney for collection, or sued upon, and that suit has been brought upon said notes to foreclose the lien thereof, in the district court of Reeves county in cause No. 1124, wherein said judgment in favor of Elmer Johnson, receiver, was rendered, and under which said sheriff's sale complained of was held, and that a certain other suit to foreclose said lien had been instituted by Christine F. Werner, the owner and holder of said trust deed and lien, which was then pending in the federal court in and for the Western district of Texas, Pecos division, on said notes, and to foreclose said lien, as against all of the property in controversy in said cause, and that no part of said notes had ever been paid, and by reason of which admissions aforesaid by plaintiff's counsel in open court, and the admissions by allegation, as aforesaid, of the said plaintiff's first amended original petition, that it conclusively appeared from the record in said cause that the indebtedness evidenced by said notes and the lien thereby secured exceeded in amount by many thousands of dollars the actual value of all of the property in controversy in this cause, on the day of the said sheriff's sale, on August 5, 1913, there being no other allegations showing any other right, title, interest, or injury to the plaintiff or proofs admitted on the trial as a part of the plaintiff's proofs, and that the Arno Co-operative Irrigation Company was not and could not have been injured, or sustained any injury, by reason of any of the alleged irregularities, if any, intervening in the holding of said sheriff's sale, or by reason of the alleged inadequacy of price obtained thereat, which injury, if any, would be sufficient to entitle the said plaintiff, or to warrant the court, to find any decree in said cause awarding any affirmative relief on behalf of said plaintiff by reason of any inadequacy of price paid for the property in controversy or any irregularities in the manner or time of the holding of said sheriff's sale, which motion on behalf of this defendant, the ruling of the court denying same, and the exception by this defendant by its counsel then and there in open court, is fully set forth and made known to the court by this defendant's bill of exception No. 1."

The trial court submitted the cause upon the following special issues:

"No. 1. Was the price paid by the defendant Zollman for the property of the Arno Co-operative Irrigation Company grossly inadequate?

"No. 2. Did J. W. Parker, as attorney for the receiver, Elmer Johnson, prior to the sale, inform J. A. Buck that said sale would not be had on said August 5, 1913?

"No. 3. Did J. W. Parker, as attorney for Elmer Johnson, by any statement of his lead the plaintiff or its attorney to believe that said sale would not take place on August 5, 1913?

"If you have answered each of the foregoing questions in the affirmative, then answer the following question:

"No. 4. Was such grossly inadequate price paid by the defendant Zollman for the property in controversy caused or contributed to by such action of the receiver, Elmer Johnson, or his attorney, J. W. Parker?"

Appellant's propositions under first assignment are:

(1) "In order to set aside a judicial sale for irregularities and inadequacy of price, the party complaining must allege and prove, not only that he has an interest in the property, but that such interest will be injuriously affected, should the sale complained of be allowed to stand."

(2) "Where all of the assets of a corporation are sold under a judgment in favor of a receiver for an inadequate sum, and such property is at the time incumbered for an amount in excess of the fair cash value of the property, and which incumbrance is then due, irregularities in the sale and inadequacy of price do not constitute a ground to set aside the sale on the application of the corporation, the irregularities and inadequacy having operated to the injury solely of the mortgagee; the corporation having sustained no injury on the sale being allowed to stand."

[2] It will be noted that the propositions do not urge the subject-matter of the assignment, the admissions of counsel, but are propositions to the effect that the court erred in entering judgment for plaintiffs below, upon the theory that the pleadings and evidence do not support the judgment, in that no such interest is shown to be owned by the parties as to support it. The allegations that the appellee, Arno Co-operative Irrigation Company, was the owner of the property sold, and that Christine F. Werner was the owner of two promissory notes containing a lien upon the property, are certainly sufficient allegations of interest, and proof that the property sold for $100, when it was reasonably worth $200,000, is sufficient proof that such interest would be injuriously affected.

[3] As to the second proposition, it assumes that the property sold was incumbered in excess of its fair cash value. This is answered by the evidence in the statement of facts, as corrected pursuant to the motion, that the property has a minimum value of $200,000. But appellant contends, under this assign-

ment and the third assignment, that the plaintiff below, appellee, will not suffer any injury because of the inadequate price paid at the sale, because in their (appellee's) pleading it is shown that the bid accepted could not result in injury to them because by said pleadings it is revealed that the property is incumbered for more than its real value. It is true that the plaintiff's pleadings charge that the property was reasonably worth $20,000, and also that, if they had not been misled by the breach of the agreement to postpone the sale, it would have brought at said sale $20,000; but we do not think these allegations preclude appellee's proof that the property was in fact worth more than that alleged in answer to defendant's plea that the price paid at the sale was adequate in view of the value of the property and the extent of the liabilities of the company, and therefore do not amount to admissions.

The second assignment is that the court erred in excluding from evidence a certain deed of trust to secure a certain bond issue of $300,000 upon this same plant, offered for the purpose of proving that the price paid at the sale was not inadequate; the proposition being that:

"Where the court orders its receivers to return all the assets of a corporation, and renders a decree in favor of the receiver and against the corporation, a sale of all the assets under such decree passes the title to such property freed, at most, from only those liens or claims held by parties to the proceedings."

This proposition is not germane to the assignment. The principle invoked would apply in a proper case to sales by receivers, but this is not a receiver's sale, but an execution sale by the sheriff. As such, being void, not voidable, it is immaterial whether the price it sold for was inadequate or not.

[4, 5] Courts, as a rule, have refused to set aside an execution sale for mere irregularities, as shown by the record, where such sale is not shown to be void by reason of fraud, or void because of irregularities. So in a proper case the appellant's second proposition under this assignment would be well taken; i. e., if there were simply irregularities in the issuance and execution in the order of sale, not such as to vitiate the whole proceeding, such as fraud, or such material defect, in the process itself, or a failure to follow the law in its execution and the sale thereunder, then the question of inadequacy of price would be a material factor, for courts do not set aside such sales for inadequacy of price where other things are regular, or, if irregular, not such irregularities as vitiate the sale.

[6] This sale was void: (a) Because there was no specific property described in the judgment upon which lien attached and foreclosed; (b) because the judgment does not order execution against any property upon which the lien is declared to attach, but directs "order of sale as under execution is-

sue upon a sufficient amount of said corporation's property to satisfy said indebtedness and costs of sale"; (c) because the order of sale, at the time of sale, was functus officio, having been returned by the sheriff prior to the sale; (d) because induced by parties interested in violation of an express agreement not to sell the property, and is irregular for many other reasons. Keating v. Live Stock Co., 83 Tex. 467, 18 S. W. 797, 29 Am. St. Rep. 670; Allen v. Stephanes, 18 Tex. 658; Burch v. Smith, 15 Tex. 219, 65 Am. Dec. 154; Stone v. Day, 69 Tex. 17, 5 S. W. 642, 5 Am. St. Rep. 17; Ward v. Duer, 70 Tex. 233, 11 S. W. 116. The assignments are therefore in all things overruled.

[7, 8] This brings us to the appellee's cross-assignments of error:

First. The court erred in the decree entered in the following respect:

"It is further ordered, adjudged, and decreed by the court that the plaintiff take nothing against the defendant M. J. Zollman and the defendant Elmer Johnson, or either of them, and that they go hence without day, and the defendant Trans-Pecos Land & Irrigation Company recover on their cross-action against plaintiff Christine F. Werner, and cloud be removed from the Trans-Pecos Land & Irrigation Company title"

—because said decree is erroneous, and contradicts the judgment rendered, in that it attempts to quiet title to said property in the Trans-Pecos Land & Irrigation Company, when no proof was offered of title in the Trans-Pecos Land & Irrigation Company, but expressly declares that the only muniment of title under which the Trans-Pecos Land & Irrigation Company claims title is declared to be null and void, and is set aside. Therefore, in that respect, the decree is contradictory and void.

And the court erred in its decree wherein it holds that:

"The Trans-Pecos Land & Irrigation Company have judgment against plaintiff Christine F. Werner, she not having answered said Trans-Pecos Land & Irrigation Company's cross-action filed herein, and further decreeing in said cause that title in the Trans-Pecos Land & Irrigation Company be quieted, because said finding is not supported by the record and is contradictory," etc.

And further, by third cross-assignment, that the court erred in its judgment as follows:

"It appearing that the plaintiffs desired to make an election as to which of the plaintiffs, to wit, Arno Co-operative Irrigation Company, or Christine F. Werner, would prosecute said cause as plaintiff herein, in accordance with the ruling of the court theretofore made on the exceptions of the defendants, and each of said plaintiffs being in court and represented by counsel, Hefner & Cooke, said attorneys this day elected to prosecute said cause solely for and on behalf of the Arno Co-operative Irrigation Company, it is therefore ordered and adjudged that the cause be and it is hereby further prosecuted by the plaintiff Arno Co-operative Irrigation Company only, and the plaintiff Werner by her said election is hereby precluded from having, claiming, or obtaining any advantage or relief by anything set out and pleaded

in the plaintiff's first amended original petition filed"

—the reason given being that there is no such agreement or ruling of the court, nor is there anything in the record showing that plaintiff's attorney desired to make such an election, but the record shows that the cause was continuously prosecuted by both plain-tiffs to verdict and is now being so prose-cuted.

The fourth cross-assignment charges that the court erred in decreeing that the clerk of the court pay over to M. J. Zollman the sum of $529.82 tendered by plaintiffs into open court upon the trial of said cause, because said judgment finds that M. J. Zollman dis-claimed in said cause any title, and because the proof further shows that the said Zoll-man and Needham by fraud procured the il-legal acts of the sheriff under said void or-der of sale and obtained no title whatever thereby, and the said Zollman was not enti-tled to recover said money, and said money should have been decreed to be returned to plaintiffs, and in any event only $100 should be decreed to Zollman, the amount of her bid at the execution sale.

Finding of facts applying to cross-assign-ments of error:

"Special Issue No. 1. Was the price paid by the defendant Zollman for the property of the Arno Co-operative Irrigation Company grossly inadequate? Answer: Yes.

"Special Issue No. 2. Did J. W. Parker, as attorney for the receiver, Elmer Johnson, prior to the sale, inform J. A. Buck that said sale would not be had on said August 5, 1913? An-swer: Yes.

"Special Issue No. 3. Did J. W. Parker, as attorney for Elmer Johnson, by any statement of his, lead the plaintiff or its attorney to be-lieve that said sale would not take place on Au-gust 5, 1913? Answer: Yes.

"If you have answered each of the foregoing questions in the affirmative, then answer the fol-lowing question:

"Special Issue No. 4. Was such grossly in-adequate price paid by the defendant Zollman for the property in controversy caused or con-tributed by such action of the receiver, Elmer Johnson, or his attorney, J. W. Parker? An-swer: Yes."

(See copy of judgment in 1124 above.)

The cross-action of the Trans-Pecos Land & Irrigation Company was answered and denied by the pleadings of the plaintiff Wer-ner, by supplemental petition. We find no evidence of an election to prosecute the cause in the name of plaintiff company in the record. The plaintiff Werner alleged, and the judgment in 1124 shows, that it was not a judgment against her, by which any of her interest in the property could be sold. The first and second assignments, therefore, must be sustained for the reasons given therein. The third is sustained because the facts recited therein as a basis for that por-tion of the decree complained of did not exist.

[9] As to the fourth cross-assignment, de-creeing that the money tendered into court be paid to Zollman, the facts show that the sum of money was tendered into court with the following statement:

"Plaintiff here tenders into court $545 gold coin of the United States, and asks that the court in its decree adjudicate same to plain-tiffs, to M. J. Zollman, Leslie A. Needham, Spencer B. Pugh, Trans-Pecos Land & Irriga-tion Company, or to whomsoever the court de-termines is entitled to said money, or any part thereof."

Zollman, to whom the money is decreed, sold the property to the defendant Trans-Pecos Land & Irrigation Company and dis-claimed any title or interest in same. The bill of sale shows that Zollman paid $100 for the property at the sale. It further shows that Zollman paid Elmer Johnson full face value of the judgment and took an as-signment of it to herself. She pleaded that she was the owner of the judgment, sought by this suit to be set aside, the unsatisfied portion of it, and prayed that same be con-firmed by the decree of the court. It will be noted that the court in the decree applied the money tendered into court to the settle-ment of the judgment in cause No. 1124, sought to be set aside in this proceeding, and without any decree confirming the decree in cause No. 1124 or setting it aside, as prayed for by plaintiff, but recited that the said judgment is by said moneys paid and satis-fied. There were no pleadings in this case upon which to base such a decree. There-fore it cannot stand. McKey v. Welsh, 22 Tex. 397.

[10] The only judgment that could be ren-dered was one in accordance with the de-fendant Zollman's prayer, viz., that the judg-ment be confirmed, or that it be set aside and held for naught, as prayed for by plain-tiffs. It seems doubtful whether this consti-tutes a final judgment; however, we think it sufficient to constitute a holding that the decree in cause No. 1124 is confirmed. This court, therefore, must here enter judgment such as should, under the pleadings, verdict, and evidence, have been entered by the trial court.

The judgment of the lower court is revers-ed, and here rendered in accordance with the verdict of the jury and the views expressed in this opinion.