## FORT WORTH GRAIN & COTTON EXCHANGE v. SMITH BROS. GRAIN CO.

### No. 2540.

Court of Civil Appeals of Texas. El Paso.

May 21, 1931.

Rehearing Denied June 11, 1931.

Chas. Kassel, of Fort Worth, for appellant.

Myron A. Smith and Smith & Smith, all of Fort Worth, for appellee.

WALTHALL, J.

We adopt appellant's statement of the nature and result of suit, which is as follows: This case was a garnishment instituted by appellee against appellant upon a judgment previously recovered against S. W. Gladney, seeking to reach shares of stock in appellant corporation, if any, in the name of said Gladney. Appellant answered that said Gladney owned no shares of stock in appellant's corporation, which is a corporation without capital stock, but was the owner of a membership not subject to assignment or garnishment. Appellant likewise impleaded said Gladney, who set up that his membership was not subject to garnishment or assignment, not being property in that sense, and being subject to the approval of the membership committee of the exchange. The court upon trial without a jury adjudged that membership. was for all practical purposes a share of stock, and ordered the lien of the garnishment foreclosed by sale of the membership as under execution. Appellant filed motion for new trial, which was overruled by the court, and to this action appellant excepted and in open court gave notice of appeal.

Findings of fact and conclusions of law were filed by the court, to which exceptions were filed by appellant, followed by assignments of error and cost bond on appeal.

We here briefly state in substance the trial court's findings and conclusions:

(1) On December 4, 1929, the plaintiff, Bert K. Smith, doing business in the trade-name of Smith Bros. Grain Company, recovered a judgment against S. W. Gladney in this court in cause No. 85176, in the sum of $1269.48, with interest from date, and court costs, and that no appeal was taken from such judgment.

(2) On February 12, 1930, execution was issued on such judgment to Tarrant county on which a nulla bona return was made by the sheriff on February 14th, 1930.

(3) On December 5, 1929, a writ of garnishment after judgment was duly issued and served on the garnishee, Fort Worth Grain & Cotton Exchange.

(4) At the time of the issuance and service of the writ of garnishment, and at the times of filing the garnishee's answer and the trial, the garnishee was a duly organized and acting Texas corporation, and that at all of such times S. W. Gladney was and now is the owner of an interest in such corporation, to wit, the owner of a membership therein, which membership is and was for all practical purposes a share of stock in said Fort Worth Grain & Cotton Exchange, garnishee.

(5) Such membership or share of stock of Gladney in garnishee corporation is transferable by Gladney to any member -or member elect of such garnishee, or to said garnishee itself.

(6) Such membership or share of stock of Gladney in garnishee corporation has an actual value of approximately $1,300, based on the cash assets of said corporation.

The court concluded that the membership or share of stock was subject to the writ of garnishment and may be sold as under execution.

The court entered judgment in favor of appellee, and ordered a foreclosure of the garnishment lien and an order of sale as under execution of the membership or share of stock in appellant company.

### Opinion.

The record shows that appellant is a Texas corporation, and apparently organized under article 1302 of the statute, and subdivision 53 of that article, its purpose being: To organize a cotton exchange, Chamber of Commerce, and Board of Trade, with power to provide and maintain suitable rooms for the conduct of its business, and to establish and maintain uniformity in the commercial usages of the city and towns, to acquire, preserve, and disseminate valuable information, and to adopt rules, regulations, and standards of classification, which shall govern all transactions connected with the cotton trade and with other commodities where standards and classifications are required, and generally to promote the interest of trade and increase the facilities of commercial transactions.

Appellant submits several propositions to the effect that a certificate of membership in a corporation without capital stock, and not organized for profit, is not subject to garnishment under the statutes of this state, and particularly is that true where the membership under the charter and by-laws do not partake of the nature of corporate stock and under the rules of the corporation is subject to forfeiture for breach of regulations and to attachment within the association itself for claims of the association, and of other members, and cannot be assigned by members except with the approval of the governing body of the corporation; that, even though subject to assignment to a member or member elect, the membership was not subject to garnishment, since no transfer or assignment was permitted to a member or member elect without discharge of all obligations to the exchange, the ascertainment by the exchange that there had been no willful violation of the rules, or fraudulent breach of contract, or other proceedings inconsistent with just and equitable principles of trade, or other misconduct, and the assignment in any event was subject to conditions rendering the interest of the member unliquidated, uncertain, and an equitable right merely not amenable to garnishment; that, even though in the abstract the membership was subject to garnishment, it was within the power and was the duty of the court in the particular instance to refuse an order of sale because a sale could pass no title which the exchange need recognize; that, even though such membership is subject to garnishment and an order of sale was proper, it was error to order sale under execution without qualification, but the judgment should have stipulated and the writ of execution should have provided that the title to the membership at execution sale should be subject to the rights of the association as fixed by its by-laws and to the claims of the association and other members against the particular membership under the rules of the organization.

Appellant, under his propositions, quotes from the statement of facts provisions of its charter, constitution, and by-laws. From its charter is quoted the purpose of the corporation, "the establishment of a grain and cotton exchange with power to provide and maintain suitable rooms for the conduct of its business and to establish and maintain uniformity in commercial usages of cities and towns, to acquire, preserve and disseminate valuable business information and to adopt rules, regulations and standards of classification which shall govern all transactions connected with the grain and cotton trade, and with other commodities where standards and classifications are required, and generally to promote the increase and facilities of commercial transactions:" that "said corporation shall have no capital stock, but membership therein shall be obtained and shall be conditioned upon compliance with the by-laws thereof."

Quotation is made by appellant from its constitution and by-laws which state the object of the association as follows: "To promote uniformity in the customs and usages of merchants; to inculcate principles of justice and equity in business; to facilitate the speedy adjustment of business disputes; to insure confidence in the business methods and integrity of the members of the organization; to collect and disseminate valuable commercial and economic information; to prescribe rules for the grading and weighing of grain, seeds and hay and all products thereof, to adopt rules, regulations and standards of classifications which shall govern all transactions connected with the cotton trade; to organize and maintain a grain inspection department and a department for weighing carloads of grain, seeds and hay, and all products thereof, and to promote the general welfare of the cotton, grain and milling interests in Fort Worth."

Then follows provision for the government of the exchange by a board of directors; that each regular member should have one vote in person; the qualification and method of selection of its membership; states the terms of the certificate of membership, that it is subject to the by-laws, contains the stipulation that the exchange holds a lien upon the certificate for dues and assessments, that the certificate is not transferable until all dues, assessments, and obligations are satisfied; states the limit of its membership, the obligations its members assume, and other matters which we need not further state.

Appellee insists that the membership of Gladney in the garnishee, Fort Worth Grain & Cotton Exchange, having a money value, and the membership being transferable to any other member, member elect of the garnishee itself, is subject to the writ of garnishment and may be sold as under execution in satisfaction of appellee's judgment against such judgment debtor.

The specific question presented by this appeal seems to be of first impression in the appellate courts of this state. Article 4091 of our statutes provides that, when the garnishee is an incorporated or joint-stock company, and the defendant is the owner of any shares of stock in such company, or any interest therein, the court shall render a decree ordering the sale under execution in favor of plaintiff against the defendant, of such shares or interest of the defendant in such company. Then follow articles of the statute directing that the manner of making such sales shall in all respects be as other sales of personal property under execution, and that such sales shall be valid and effectual to pass to the purchaser all right, title, and interest which the defendant had in such stock.

Article 3795 of the statute provides that a levy on the stock of any corporation or joint-stock company is made by leaving a notice thereof with any officer of such company. Article 3798 of the statute provides that shares of stock in any joint-stock or incorporated company may be sold on execution against the person owning such stock.

We find nothing in our statutes that exempts or in any way qualifies the provisions of the statute above referred to.

Appellant cites Price v. Brady, 21 Tex. 614, as sustaining its contention. Prior to the rendition of that opinion, shares of stock in incorporated companies were controlled by the common law, not subject to execution, and therefore not liable to garnishment. But the effect of that opinion has been destroyed by the passage of the Act of March 13, 1875 (General Laws, 2d Sess. p. 102), and now, in substance and effect, the articles of the present statute as above. Smith v. Traders' Nat. Bank, 74 Tex. 457, 12 S. W. 113, in which it is held that, by reason of the statute, stock held as collateral security is subject to garnishment. In Keating v. Stone & Sons Live-Stock Co., 83 Tex. 467, 470, 18 S. W. 797, 29 Am. St. Rep. 670, it is said: "The Revised Statutes make provisions for reaching and subjecting to creditors shares in corporations both by writs of garnishment and execution."

The specific question presented, however, is as to the application of our garnishment statutes to a certificate of membership in a corporation without capital stock, and not organized for profit, as in the instant case.

The certificate of stock held by Gladney in appellant, Fort Worth Grain & Cotton Exchange, amounted to a seat on garnishee stock exchange.

In vol. 23, Corpus Juris, p. 333, par. 58, it is there said: "It has been held in some jurisdictions that a seat on a stock exchange is not property in the eye of the law, and cannot be seized in execution for the debts of the members; that it is the mere creation of the board, and to be held and enjoyed with all the limitations and restrictions which the constitution of the board choose to put upon it." As sustaining that view, the following cases are referred to under note 12: San Francisco v. Anderson, 103 Cal. 69, 36 P. 1034, 42 Am. St. Rep. 98; Lowenberg v. Greenebaum, 99 Cal. 162, 33 P. 794, 21 L. R. A. 399, 37 Am. St. Rep. 42; Barclay v. Smith, 107 Ill. 349, 47 Am. Rep. 437; Weaver v. Fisher, 110 Ill. 146; Eliot v. Merchants' Exch., 14 Mo. App. 234; Pancoast v. Gowen, 93 Pa. 66; Thompson v. Adams, 93 Pa. 55.

Continuing the statement, it is said: "But by the weight of authority a seat or membership upon a stock exchange is property, and subject to execution in the sense that it may be reached by appropriate proceedings and applied, as other property of a debtor, to the payment of his just debts; such as by creditor's suits or supplementary proceedings." As sustaining the latter view, reference is made under note 13 to the following: Hyde v. Woods, 94 U. S. 523, 24 L. Ed. 264; Habenicht v. Lissak, 78 Cal. 351, 357, 20 P. 874, 5 L. R. A. 713, 12 Am. St. Rep. 63; Eliot v. Merchants' Exchange, 14 Mo. 234; Powell v. Waldron, 89 N. Y. 328, 42 Am. Rep. 301; Ritterband v. Baggett, 42 N. Y. Super. Ct. 556; Leggett v. Waller, 39 Misc. Rep. 408, 80 N. Y. S. 13; Londheim v. White, 67 How. Prac. (N. Y.) 467; Grocers' Bank v. Murphy, 60 How. Prac. (N. Y.) 426; London, etc., Co. v. Murphy, 10 Ont. 86.

A review of the cases disclose that they sustain the view stated under the paragraph in C. J. referred to. It would serve no good purpose to review them.

In the more recent case of Wagner v. Farmers' Co-Op. Exchange Co., reported in 147 Minn. 376, 180 N. W. 231, 233, 14 A. L. R. 279, the Supreme Court of Minnesota, after referring to many of the above cases holding that a seat on a stock exchange is not subject to sale under a common writ of execution, said: "Nevertheless, we reach the conclusion that such a seat or membership may be attached and appropriated to the payment of the owner's debts. The membership is more than a privilege. It is personal property. It is transferable by the member during his lifetime. * * * It may be burdened by restrictions, but it is nevertheless valuable property; the membership in this instance having a market value. * * * It may be reached by creditors' bill or by proceedings supplementary to execution."

The opinion then refers to many of the cases 'noted from C. J., noting a few of the characteristics and attributes of tangible property mentioned, and says: "No good rea-. son suggests itself why it should not be reached by ordinary process such as attachment and execution. * * * Nearly all courts that have spoken on the subject are in accord that such a membership may be reached by creditors' bill or in proceedings supplementary to execution. * * * The one in whom the title vests takes it subject to the reasonable regulations and restrictions of the Chamber."

The court in that case further said: "It is not necessary now to determine whether the court in which the judgment was rendered should have issued special execution, or whether there should be further orders or proceedings in aid of the execution. Those are matters for the court in which the action originated."

In view of our statutes above quoted specifically authorizing and directing in garnishment proceedings, and without exception as to the character of the corporation or the paragraph of the article under which the incorporation is formed, that the court shall render a decree ordering the sale under execution of shares of stock in such incorporated company, we have concluded that the seat on the exchange was subject to garnishment.

We fully appreciate much that is said by appellant in its brief, but, if the stock or membership held by Gladney is stock in the stock exchange, or represents an interest therein, though but a seat in the stock exchange, it is made subject to the garnishment by the very verbiage of our statute, and the courts may not put a construction on the statutes and make it mean something else. We have reviewed with much interest the cases referred to by appellant, and concur in appellant's statement that this case presents a question of first impression in the appellate courts of this state. In addition to our own view of the disposition to be made of the case under our statutes, we concur in the holdings of the courts in what seems to be weight of authority in other states.

■ If a special direction is to be made in the order of sale as suggested by appellant, it is not within the province of this court to give such direction. Our statutes very clearly state what is to be done in executing an order of sale, and any special direction given should not depart from, but conform to, the provisions of the statute; the purchaser thereat taking only such interest in the seat on the exchange as Gladney had.

The case is affirmed.

## On Motion for Rehearing.

Appellant has filed a strong and interesting motion for rehearing. Nothing appears therein, however, that is not found in its brief, other than a suggestion that, in the event this court does not set aside the judgment of the trial court and render judgment in its favor, the case be certified to the Supreme Court for decision. This court is in harmony in the disposition we think to make of the case, and, while the case is one of first impression in the appellate courts of this state, and for that and other reasons important, we have concluded not to certify, but let the Supreme Court review the case on writ of error.

While we discussed in our conference the effect of matters contained in appellant's charter and by-laws, so largely referred to in appellant's brief and in its motion, we concluded that matters contained in its charter and by-laws, whatever they were, while authorized to adopt rules and regulations governing its members, by the express provision of our statute, such rules and regulations could not have the effect to relieve the stock it had issued from execution, if such stock was otherwise subject to execution. Under article 1320, under general provisions applying to private corporations, such corporations, under paragraph 6 of said article, may make by-laws "not inconsistent with existing laws, for the management of its property, the regulation of its affairs and the transfer of its stock," an incident of its existence, for its internal government in the management of its affairs as among its members. Here appellee is not dealing with the corporation, or any of its members, so as to be affected by its by-laws. There is no action here upon any rule, regulation, or by-law of the corporation, and hence no occasion to discuss any provision of such rule, regulation or by-law.

If we understand appellant's contention, it is to the effect that the garnishment could not apply, for the reason that under the rules of appellant exchange it held a lien on the stock certificate of the member for dues, assessments, and other obligations until such were discharged, and other rights of the exchange. There is no suggestion in the record that any dues or other obligations of the member were due and not discharged. But, however that might be, we tried to make it clear in the opinion that a purchaser of the stock took it subject to any just claim, rule, or regulation of the corporation existing at the time of the service of the garnishment, which in any way affected the share of stock as stock, as distinguished from the person of the holder of the stock. We need not discuss the personal relation the purchaser of the stock would sustain, if any, toward the exchange. We do not concur in the view of appellant that the burden is upon appellee to show the financial condition or standing of the share of stock at the time of the service of the garnishment, nor do we think the case of

Downs **v.** Cason (Tex. Civ. App.) 250 S. W. 471, referred to, so holds. That case holds, as we understand it, that the burden would be upon one seeking to subject the assets of an estate, pending administration, to a garnishment to show that, after an entry of the final decree ordering the distribution of the estate, there then existed in the hands of the administrator, in favor of distributees, a part of such estate subject to garnishment. Such fact was not, as here, peculiarly within the knowledge of the administrator; it could readily be shown by such final report. The reason for the holding is clearly stated in the cases referred to in the opinion in that case, and we need not review them.

After a review of the whole case, in considering the motion, we have concluded that the case should be affirmed. The motion is overruled.